**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-61386-ALTMAN**

**FABIAN ANDRES FERNANDEZ SALCEDO**,
**by next friend**
**MERCEDES ESPINOZA,**

     *Petitioner*,

*v.*

**ICE ACTING DIRECTOR**, *et al.*

     *Respondents.*

_____/

## <u>ORDER</u>

On May 7, 2026, Mercedez Espinoza filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 as "next friend" on behalf of the Petitioner, Fabian Andres Fernandez Salcedo. *See generally* Petition [ECF No. 1]. In the Petition, Espinoza challenges the constitutionality of Fernandez Salcedo's detention by Immigration and Customs Enforcement ("ICE"). *See generally ibid.* Espinoza has also filed an "Emergency Motion for Temporary Restraining Order" [ECF No. 3] and a "Motion to Appoint Counsel and for Expedited Consideration" [ECF No. 4]. After careful review, we find that Espinoza lacks standing to file the Petition on Fernandez Salcedo's behalf, so we **DISMISS** the Petition and **DENY** as moot Fernandez Salcedo's motions. But we'll allow Fernandez Salcedo (and Espinoza) one opportunity to amend.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. While "courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself," that permission isn't "automatic." *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999). To have standing, the "next friend" must show two things: *first*, "that the real party in interest cannot

pursue his own cause due to some disability"; and *second*, "some relationship or other evidence" that the next friend is "truly dedicated to the interests of the real party in interest." *Ibid.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf," which "strip[s] the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman–USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 155–56, 163).

Espinoza hasn't "demonstrated that [Fernandez Salcedo] is unable to pursue [his] own cause due to some disability." *Eye v. Lamberti*, 2012 WL 663172, at *1 (S.D. Fla. Feb. 28, 2012) (Cohn, J.) (citations omitted).[1]  All she says is that Fernandez Salcedo "cannot adequately litigate this matter on his own" because he "is detained with limited access to legal resources" and "suffers from a medical condition[.]" Petition at 2. Espinoza doesn't tell us what the "medical condition" is, but the Petition includes medical records from August 2025 indicating that, following an altercation, the Petitioner suffered pain in "his nose, left shoulder, back, [and] right leg," and that X-rays of his spine were performed. Exhibit A to Petition [ECF No. 1-1] at 6–8.

Neither limited access to legal resources nor months-old injuries from an altercation prevent the Petitioner from writing his own petition and mailing it to us. *See, e.g.*, *Francis*, 246 F. App'x at 622 (finding that a prisoner's spouse lacked next-friend standing because she only alleged that the prisoner was "unable to initiate the petition from prison" with no other facts, giving the court "no reason to think" that the prisoner's incarceration alone prevented him from filing the petition himself). Because Espinoza hasn't satisfied the first prong of the next-friend test, she lacks standing to file this Petition.

---

[1] "Disability" isn't limited to mental or physical impairment. The question here is whether Fernandez Salcedo cannot access the court on his own. *See Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990) (explaining that "next friend standing" requires "a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability" (emphasis added)).

And "[f]ederal district courts must 'dismiss summarily any habeas petition that appears legally insufficient on its face.'" *Orr v. United States*, 800 F. App'x 705, 707 (11th Cir. 2020) (cleaned up). Still, we'll give Espinoza one more chance to file an amended § 2241 petition on Fernandez Salcedo's behalf that corrects the deficiencies we've identified in this Order. Espinoza's amended petition must meet the pleading standard of Rule 2(c), must be legible, and must be submitted on our court-approved form for § 2241 petitions. *See* S.D. FLA. L.R. 88.2(a). In the amended petition, Espinoza must provide specific facts showing her entitlement to next-friend status. If she fails to timely file a sufficient amended § 2241 petition, we'll dismiss this case without further notice. *See* FED. R. CIV. P. 41(b).

*     *     *

We therefore **ORDER AND ADJUDGE** as follows:

1.      The Petition [ECF No. 1] is **DISMISSED** without prejudice for lack of jurisdiction. By **June 8, 2026**, the Petitioner must file an amended petition under 28 U.S.C. § 2241 correcting the deficiencies we've outlined in this Order. The amended petition must be no longer than 20 double-spaced pages and signed under the penalty of perjury. The Petitioner (or Espinoza) must comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts by sufficiently stating (in a legible way) the facts that support the grounds for relief available to the Petitioner. The Clerk is **DIRECTED** to provide the Petitioner with a copy of this Court's approved form for 28 U.S.C. § 2241 petitions.

2.      The amended petition must be labeled "Amended Petition" and must show the case number referenced above, so that it will be filed in this case. The amended petition will be the sole, operative pleading in this case, and only the claims listed in the amended petition will be addressed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Petitioner may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3

3.        If the Petitioner fails to file the amended petition on time and in compliance with our orders, we'll dismiss this case for failure to prosecute or for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

4.        The Petitioner's "Emergency Motion for Temporary Restraining Order" [ECF No. 3] and  "Motion to Appoint Counsel and for Expedited Consideration" [ECF No. 4] are  **DENIED** as moot.

5.        The Clerk shall **CLOSE** this case. We'll reopen this case once the Petitioner (or Espinoza) files an amended petition in compliance with our Order.

**DONE AND ORDERED** in the Southern District of Florida on May 11, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Fabian Andres Fernandez Salcedo
        by next friend,
        Mercedes Espinosa, *pro se*

4